### GEORGE E. SMITH v. AUGUST ABADIE ET AL.

Decided April 11, 1902.

**1.—Trespass to Try Title—Adverse Possession—Harmless Error.**
Where in trespass to try title the court correctly found that plaintiff's title had been divested by virtue of adverse possession for ten years, error in the admission of deeds showing title in defendant was harmless.

**2.—Same—Limitations—Pleading.**
Where in trespass to try title plaintiff's amended petition asserted claim to only ten acres of the tract in controversy, and defendants replied claiming the whole tract by virtue of ten years limitation, and the evidence sustained their claim, a judgment in their favor for all the land could not be held erroneous as to the ten acres because they had not specifically pleaded limitation as to that part.

**3.—Appeal—Findings of Fact—Exceptions.**
Where the case is tried by the court without a jury, a party who excepts to the judgment rendered thereby preserves his right to assail the findings of fact as being unsupported by the evidence.

Appeal from Galveston. Tried below before Hon. Robt. M. Franklin.

*John E. Linn,* for appellant.

*Maco Stewart,* for appellees.

GILL, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by the appellant, George E. Smith, against the appellees, August Abadie and his wife Clotilde, Emil Montaut and his wife Elvira, and Victor Wilroux, to recover lot No. 3 of the Martin Dunman survey of land in Galveston County, containing 147 8-10 acres of land.

Victor Wilroux disclaimed. Montaut and wife suggested to the court that they had sold their interest in the property to Samuel A. Spencer, who thereupon made himself a party defendant and answered in his own behalf. He and Abadie and wife answered by plea of not guilty and the statutes of limitation of three, five and ten years, and prayed for an affirmative judgment decreeing the title in them.

Appellant afterwards amended, reducing his demand to a prayer for only 10 acres out of lot No. 3, alleging that defendants were in possession of that amount, which was minutely described in the amended petition, and in which it was designated as the land which defendants then occupied with improvements placed thereon by them. To this defendants by amended answer pleaded "not guilty," the three, five and ten years statutes of limitations, reiterated their allegations of ownership of the entire lot No. 3, and prayed judgment therefor.

Upon the amended pleadings the case was tried before the court without a jury and resulted in a judgment in favor of Abadie and wife and Samuel A. Spencer for the 10 acres sued for by appellant.

It was agreed by the parties that the appellant had acquired a perfect title to the lot No. 3 described in the pleadings, his title being connected with the sovereignty of the soil, hence the only fact question necessary for the trial court to determine was whether the appellees had shown such possession and adverse claim by themselves and those under whom they claimed as would entitle them to the land under their plea of the ten years statute of limitation. By request the court filed conclusions of fact and law. These conclusions are lengthy and need not here be set out in full. We will state their substance so far as useful for the purposes of this opinion.

1. He found the agreement as to appellant's title as above stated.

2. That in 1888 appellant placed a tenant on a portion of lot No. 3, and through tenants continued in possession of parts of the tract during the entire period of limitation claimed by appellees. He never was in possession of any part of the 10 acres in controversy.

3. That appellees and those under whom they claim have had and held actual peaceable adverse and uninterrupted possession of the 10 acres in controversy for more than ten years next preceding the institution of this suit, having same inclosed and paying all taxes on same.

By the first, second, and third assignments of error appellant complains of the admission of three deeds, one from Mrs. Elizabeth Hampshire to Mrs. Montie Long and Mrs. Elvira Montaut; one from Mrs. Montie Long to Mrs. Clotilde Abadie, and one from Emil Montaut and wife to Samuel Spencer. These deeds constituted such paper title as appellees had. It is unnecessary to consider the various reasons urged

against their introduction, as their admission in the light of the result could in no event have been harmful. The court specifically found that the agreement of counsel as to appellant's title practically eliminated these deeds from the case, thus showing, as his fact conclusions show, that the trial court was uninfluenced by them. He neither regarded them as evidence of title nor as a basis for the plea of limitation. He doubtless gave them weight in establishing privity of claim between the appellees and their predecessors in possession, and for this purpose they were properly used. Appellant makes no question as to the privity between the successive claimants under the plea of limitation.

Under the fourth assignment of error appellant contends that the court erred in adjudging the 10 acres to appellees because they had not pleaded limitation to any specific portion of lot No. 3, but had claimed and prayed judgment for the entire 147 acres under the ten years statute. The proposition is not sound. Appellant by the amended petition sued for the 10 acres in controversy, describing it. The appellees replied claiming the whole tract by reason of ten years' actual adverse possession. They established this claim to the 10 acres and no more. This they could properly do, and the proof identifying the extent of that possession, the court properly gave them a judgment.

Other assignments assail the judgment as unsupported by the facts. These assignments can not be considered because the findings of fact were not excepted to, and in the absence of exceptions their accuracy can not be inquired into. Drake v. Davidson & Bailey, 4 Texas Ct. Rep., 380. An examination of the record has convinced us, however, that the evidence though conflicting is sufficient to support the judgment.

No harmful error being disclosed, the judgment is affirmed.

*Affirmed.*

Writ of error refused.